Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50287 | **DATE** | 10/21/2003 |
| **CASE TITLE** | STONECRAFTERS vs. CM SYSTEMS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, this cause is hereby remanded to the Circuit Court of McHenry County, Illinois and costs and attorney fees relating to the removal are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 21 2003 date docketed | 10 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10-22-03 | |
| | /SEC courtroom deputy's initials | 2003 OCT 21 PM 3:54 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Stonecrafters, Inc. ("Stonecrafters") originally filed a complaint in state court, individually and as the representative for a class of similarly-situated persons, against Defendant CM Systems, Inc. ("CM Systems"). Plaintiffs brought a three-count complaint: Count I claims a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; Count II is a common law claim for conversion; and Count III is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. On July 11, 2003, CM Systems filed a notice of removal pursuant to 28 U.S.C. § 1441, claiming the action presents a federal question pursuant to 28 U.S.C. § 1331. Before the Court is Plaintiff's Motion to Remand the case to state court for lack of federal question jurisdiction under 28 U.S.C. § 1331.

Removal from state court is permitted only if federal jurisdiction existed at the time of removal. Doe v. Allied-Signal, 985 F.2d 908, 911 (7th Cir. 1993). Federal courts are courts of only limited jurisdiction, See Sheldon v. Sill, 49 U.S. (8 How.) 441, 449 (1850), and, as such, there is a general presumption against federal jurisdiction which the party seeking removal must rebut. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Congress has imbued federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit will generally "arise under" the law that creates the plaintiff's cause of action. See Amer. Well Works v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). Thus, if federal law creates a plaintiff's cause of action, § 1331 jurisdiction will generally be present. Murphey v. Lanier, 997 F.Supp 1348, 1349 (S.D. Cal. 1998). However, if federal law creates a cause of action there also must be a showing that § 1331 jurisdiction has not been preempted by a more specific statutory provision conferring jurisdiction elsewhere. Connors v. Amax Coal Co. Inc., 858 F.2d 1226, 1229-30 (7th Cir. 1988). "Federal-question jurisdiction necessarily depends upon an act of Congress and the corresponding intent of Congress for jurisdiction expressed by statute." Gold Seal Termite & Pest Control Co. v. DirecTV, Inc., 2003 U.S. Dist. LEXIS 11205, *8 (S.D. Ind. 2003) citing Int'l Sci. & Tech. Inst. v. Inacom Comm. Inc., 106 F.3d 1146, 1153-54 (4th Cir. 1997). Statutes which purport to confer federal jurisdiction are to be construed narrowly, with ambiguities resolved against a finding of federal jurisdiction. Erienet Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3d Cir. 1998). Therefore, unless jurisdiction is unambiguously found through a statute which does not preempt § 1331 jurisdiction, there can be no federal question jurisdiction for this Court in this action.

The TCPA provides a private right of action which *may* be brought "in an appropriate court of that State." 47 U.S.C. § 227(b)(3). This jurisdictional grant by Congress is ambiguous in that, by using the word "may", it has seemingly left open the question as to whether one also *may not* bring a cause of action in state court, but rather, bring it in federal court under § 1331 jurisdiction. Of the courts which have addressed the issue, only one District Court has found this permissive statute to allow federal jurisdiction. Kenro, Inc. v. Fax Daily, Inc., 904 F. Supp 912 (S.D. Ind. 1995) *aff'd on rehearing by* 962 F. Supp 1162 (S.D. Ind. 1997). Six Circuit Courts, however, have come to the contrary conclusion.[1] The Circuits' reasoning has been two-fold: (1) legislative intent which shows Congress did not mean to confer federal jurisdiction for actions under the TCPA, and (2) permissive grants of jurisdiction to courts of general jurisdiction cannot confer jurisdiction on unmentioned courts of limited jurisdiction where a specific jurisdictional grant is required. See e.g., Int'l Sci. Tech. Inst. v. Inacom Comm., 106 F.3d 1146, 1151-52 (4th Cir. 1997). See also Kevin N. Tharp, Federal Court Jurisdiction Over Private TCPA Claims: Why The Federal Courts of Appeal Got It Right, 52 Fed. Comm. L.J. 189 (1999). There is, therefore, no federal question jurisdiction for this action under the TCPA.

Stonecrafters additionally requests, in its motion to remand, just costs and actual expenses, including attorney fees, incurred as a result of improper removal, pursuant to 28 U.S.C. § 1447(c). An award of fees and costs in accordance with 28 U.S.C. § 1447(c) is discretionary, which discretion may be based upon the propriety of the removal. Katonah v. USAir, Inc., 876 F. Supp. 984, 990 (N.D. Ill. 1995). Since federal question jurisdiction under the TCPA had not yet been addressed by the Seventh Circuit Court of appeals or this Court, removal under the facts of this case are not without such a proper basis as to justify an award of costs and attorney fees. Eisenmann Corp. v. High Tech Automation, 1994 WL 559057 (N.D. Ill. 1994).

For the foregoing reasons, this cause is hereby remanded to the Circuit Court of McHenry County, Illinois and costs and attorney fees relating to the removal are denied.

---

[1] Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000); Nicholson v. Hooters of Augusta, 136 F.3d 1287 (11th Cir. 1998); Foxhall Realty L. Off. v. Telecomm. Premium Serv., Ltd, 156 F.3d 432 (2d Cir. 1998); Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); Int'l Sci. Tech. Inst. v. Inacom Comm., 106 F.3d 1146 (4th Cir. 1997); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997).